

FILED
2006 Jul-14 PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN T. SMITH, et al., | } |
| | } |
|     Plaintiffs, | } |
| | } |
| vs. | }    CASE NO. CV 05-B-2326-S |
| | } |
| EVANSTON INSURANCE COMPANY, | } |
| | } |
|     Defendant. | } |

**MEMORANDUM OPINION**

This case is currently before the court on plaintiffs' Motion to Remand. (Doc. 3.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiffs' Motion to Remand is due to be denied.

**I.  PROCEDURAL HISTORY**

On August 8, 2005, plaintiffs received a consent judgment in the Circuit Court of Jefferson County, Alabama for $1,020,000.000 against KMAC Organics, LLC, et al., (hereinafter "KMAC"). (Motion to Remand, Doc. 3, Ex. A.)  KMAC was insured against liability by Evanston Insurance Company, (hereinafter "Evanston"). (Id., at 1, ¶ 3.) On September 30, 2005, plaintiffs initiated garnishment proceedings against KMAC's insurer, Evanston, for the amount of their judgment against KMAC.  Defendant removed

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

the garnishment proceedings to this court on November 14, 2005, on the basis of diversity of citizenship.

## II. DISCUSSION

Plaintiffs move for remand on the ground that Evanston is a diversity-destroying in-state citizen for the purposes of this civil action. (Id., at 2, ¶ 6.) Under federal law, in a direct action against an insurance company asserting a claim against the insured for which the company is liable, the citizenship of the insured is imputed to his insurer for diversity jurisdiction purposes. 28 U.S.C. § 1332(c). Defendant contends that this provision is not applicable here because plaintiff's action is not a "direct action" within the meaning of 28 U.S.C. § 1332(c). The court agrees.

28 U.S.C. § 1332 (c)(1) provides in pertinent part that:

> in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

(emphasis added).

"Courts have uniformly defined the term 'direct action' as used in [Section 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer **without joining the insured or first obtaining a judgment against him**." *Fortson v. St. Paul Fire and Marine Insurance Company*, 751 F.2d 1157, 1159 (11th Cir. 1985) (citing

2

*Beckham v. Safeco Insurance Co.*, 691 F.2d 898, 901-02 (9th Cir. 1982); see also *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 723 (5th Cir. 1974).

In *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 723 (5th Cir. 1974),[2] the Fifth Circuit considered whether an action brought by an employee against his employer's workers compensation carrier under the Texas Workers Compensation Act was a "direct action" under Section 1332(c)(1). The employee argued that, because the Act required that the suit be brought, not against the employer, but rather against the insurance carrier, an action brought thereunder is a "direct action." *Id*. The court stated:

> Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insuror [sic] without joining the insured **and without having first obtained a judgment against the insured**, the insurer shall be deemed a citizen of the State of which the insured is a citizen as well as of any State by which the insurer has been incorporated and of the state where it has its principal place of business, for the purposes of determining whether diversity jurisdiction exists.

*Id*. at 723. The court explicitly defined the "direct action" to which Section 1332(c)(1) applies as an action in which an injured party is entitled to sue another party's liability insurer "without joining the insured and without having first obtained a judgment against the insured." *Id*. That is not the situation presented here.

Under Alabama law, a garnishment proceeding is only available "**upon the**

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

3

**recovery of a final judgment**," Ala. Code 1975 § 27-23-2,[3] and thus, is not a "direct action" to which Section 1332(c)(1) applies.

In *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F.Supp.2d 1298, 1301 (M.D. Ala. 2001), upon which plaintiffs principally rely, the court held that Alabama's garnishment statutes, sections 6-6-370 *et seq.*, 27-23-1 and 27-23-2 of the Alabama Code, "are direct action statutes, for they allow Wheelwright to sue to collect from Dorsey's insurer, *i.e.* Liberty, without joining Dorsey in the same proceeding." The court notes however, that the opinion in that case contains no indication that consideration was given to the Fifth Circuit's discussion of this issue in *Hernandez*, 489 F.2d 723, or to the Eleventh Circuit's analysis in *Fortson*, 751 F.2d 1157. In fact, the court devoted little of its analysis to the issue of whether the "direct action" proviso in Section 1332(c)(1) applied, focusing instead on whether the insurer, Liberty, was a citizen of Alabama by principally doing

---

[3] Ala. Code 1975 § 27-23-2, states:

> **Upon the recovery of a final judgment** ... by any person ... if the defendant in such action was insured against loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

(emphasis added).

business in the state. The court is unpersuaded by the brief treatment of this issue in *Wheelwright*.

The precise question before the court in this case was considered by a District Court for the Middle District of Mississippi in *Freeman v. Walley*, 276 F.Supp. 597 (M.D. Miss. 2003). That court held that garnishment proceedings against insurers are not direct actions within the meaning of Section 1332(c)(1). This court adopts the reasoning of the Mississippi district court:

> [T]his court is not persuaded that simply because a tort suit against the insured followed by a post-judgment garnishment proceeding (the two-step process) may have the same ultimate *effect* as a direct action (a one-step process) ought [to] lead to the conclusion that § 1332(c)(1) applies equally to both. The two may be equivalent methods for achieving the same ultimate goal; but from the standpoint of jurisdictional considerations, relevant distinctions exist. That is to say, the contrast between the nature of a true "direct action" and the post-judgment garnishment situation presented here serves to further support this court's conclusion that what is here presented is not a "direct action" to which § 1332(c)(1) is addressed.
>
> In this vein, as ISOP aptly observes, in a true direct action, in which the third party victim is entitled to sue the insurer directly without first securing a judgment against the tortfeasor, the insurer stands united with the insured in an adversarial posture against the injured plaintiff. In effect, it is a tort action between the victim and insurer that, but for the availability of a direct action, would be a suit between the victim and the insured. In contrast, in the situation where a tort action is first brought against the insured, once the plaintiff victim obtains a judgment against that insured, the plaintiff who seeks to collect on his judgment and the insured who is liable on that judgment, have a united interest in securing payment of the judgment from insurance proceeds.
>
> Moreover, in a true direct action, the insurer is in the position of defending the merits of the victim plaintiff's claims against its insured, as it is litigating the insured's own liability for the plaintiff's damages, for which the insurer is or may be answerable. In contrast, in the garnishment setting, the

5

insurer is no longer litigating the issue of its insured's liability; by the time a judgment has been secured, that issue has already been decided. In the garnishment action, the parties are "litigating the existence of a new liability," whether the insurer owes a debt to its insured. *Butler v. Polk*, 592 F.2d [1293,] 1295-96 (5th Cir. 1979).

According to plaintiff's reasoning, any suit brought against an insurer to establish coverage or a right to recovery brought by a third party to the insurance contract would constitute a "direct action" under § 1332(c)(1) regardless of whether the state whose laws apply provides for a "direct action" in the traditional sense. It is questionable whether Mississippi law even allows for "direct actions" that might, if brought, come within the exception prescribed by § 1332(c)(1). But this court is convinced that a garnishment suit is not a "direct action" within the meaning of § 1332(c)(1). Regardless of whether it may have proceeded against the insurer in the first instance, once a plaintiff sues his tortfeasor and obtains a final judgment, as happened here, the judgment debtor has an interest in the policy if it may provide coverage for the judgment. The insurer is then sued in an effort to collect on the judgment because it holds an asset of the insured from which the judgment may be collected. In the court's opinion, in that situation, the insurer is in no different posture from any other person or entity that holds assets of the judgment debtor. Accordingly, the court concludes that § 1332(c)(1) does not apply, and that there is complete diversity of citizenship among the parties.

*Id*. at 599-602 (emphasis in original; footnotes omitted).

In accordance with the court's analysis in *Freeman*, the court concludes that this garnishment proceeding is not a "direct action" under Section 1332(c)(1), thus there is complete diversity of citizenship between the parties.

### III.  CONCLUSION.

Based on the forgoing, the court finds that plaintiffs' Motion to Remand, (doc.3), is due to be denied. An appropriate Order will be entered contemporaneously with this

6

Memorandum Opinion.

**DONE** this the 14th day of July, 2006.

_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE